UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDY BUCHANAN AND DONNA BUCHANAN, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SIMPLOT FEEDERS, LLC, an Idaho limited liability company; and TYSON FRESH MEATS, INC., a Delaware corporation; and IBP, INC., a Delaware corporation,<br><br>Defendants. | NO. 4:19-CV-5209-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SIMPLOT FEEDERS' MOTION TO DISMISS |

BEFORE THE COURT is Defendant Simplot Feeders, LLC's Motion to Dismiss (ECF No. 16). The Motion was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Motion is granted in part and denied in part.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
SIMPLOT FEEDERS' MOTION TO DISMISS ~ 1

## BACKGROUND

The instant case concerns a concentrated animal farm operation and the byproducts' effect on the neighbors. Plaintiffs Randy and Donna Buchanan own approximately 320 acres of property adjacent to property owned by Defendant Simplot Feeders, LLC ("Defendant"), who owns and operates a cattle feeding and hay grinding operation. ECF No. 1 at 2-3, ¶¶ 4, 9; at 9, ¶ 35. According to Plaintiffs, Defendant's cattle feeding and hay grinding operation result in fugitive emissions comprised of dust and "manure particles containing pathogens, toxic air pollutants, and volatile organic compounds" along with an increase in flies and "foul and obnoxious odors crossing over and onto" Plaintiffs' property. ECF No. 1 at 6, ¶¶ 23-24, at 9, ¶¶ 33-34. Plaintiffs claim this has caused an economic impact on their farm and have made the "living and working conditions nearly unbearable." ECF No. 1 at 1-2, ¶ 2.

Plaintiff otherwise complain about slaughterhouse operations operated by Defendants Tyson Fresh Meats, Inc., and ISB, Inc., but this is not at issue for the pending Motion to Dismiss.

Plaintiffs filed suit on August 14, 2019, against Defendant and others – Tyson Fresh Meats, Inc., and IBP, Inc. – asserting a claim for negligence, negligence per se, common law nuisance, nuisance per se, and trespass. Plaintiffs

request injunctive relief, economic damages, and non-economic damages. ECF No. 1 at 2, ¶ 3.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." "The burden of demonstrating that no claim has been stated is upon the movant." *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988). A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences [] to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the Court may consider the plaintiff's allegations and any "materials incorporated into the complaint by

reference . . . ." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citation omitted).

A federal court may dismiss a complaint for failure to comply with the statute of limitations where "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (quoting *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980); citing *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1206 (9th Cir. 1995)).

## DISCUSSION

Plaintiffs are asserting a claim for negligence, negligence per se, common law nuisance, nuisance per se, and trespass. Defendant seeks dismissal of Plaintiffs' claims for negligence, negligence per se, nuisance per se, and trespass.

A. **Negligence**

"The elements of a negligence action are duty, breach, proximate cause, and damages." *Mathis v. Ammons*, 84 Wash. App. 411, 415 (1996).

> Duty is the duty to exercise ordinary care, or, alternatively phrased, the duty to exercise such care as a reasonable person would exercise under the same or similar circumstances. Breach is the failure to exercise ordinary care, or, alternatively phrased, the failure to exercise such care as a reasonable person would exercise under the same or similar circumstances. Breach is also called "negligence."

*Id.* at 415-416. "Notwithstanding these elements, a statute may impose a duty that is additional to, and different from, the duty to exercise ordinary care." *Id.* at 416.

> A statute has this effect when it meets a four-part test drawn from the Restatement (Second) of Torts: The statute's purposes, exclusively or in part, must be (1) to protect a class of persons that includes the person whose interest is invaded; (2) to protect the particular interest invaded; (3) to protect that interest against the kind of harm that resulted; and (4) to protect that interest against the particular hazard from which the harm resulted.

*Id.* at 416. Except in limited circumstances – breach of a rule relating to electrical fire safety, the use of smoke alarms, or driving while under the influence – "[a] breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence[.]" *Id.* at 417 (quoting RCW 5.40.050.)

As to the claim for negligence per se, Defendants contend that Washington only recognizes negligence per se in specific instances that are not applicable here. ECF No. 17 at 6-7. "Plaintiffs concede that their negligence per se claim does not meet the enumerated statutory bases and should be dismissed." ECF No. 19 at 2. Accordingly, Plaintiffs' negligence per se claim is dismissed.

As to the negligence claim, Defendant concedes that "Washington law permits a party to base a negligence claim (at least in part) on a statutory [or] regulatory violation[,]" but argues "federal courts mandate that a plaintiff identify the statutes [or] regulations that form the basis for tort claims in the complaint." ECF No. 16 at 7. Defendant asserts that "Plaintiffs fail to cite any specific law, regulation, or standard that was violated" and that, because their "negligence

allegations rely solely on these unidentified violations, these claims also fail as a matter of law." ECF No. 16 at 5-6.

The Court finds dismissal improper at this stage. Plaintiffs adequately pled that Defendant is not in compliance with the law and that the law is aimed at protecting neighboring persons – like Plaintiffs – from excess fugitive emissions of dust and particles, which may implicate health concerns:

> The Defendants' activities are regulated by the Department of Ecology and are subject to air quality standards. In particular, Simplot is required to control particulate matter emissions from its operations. The Department of Ecology ("Ecology") established Fugitive Dust Control Guidelines and Best Management Practices for Beef Cattle Concentrated Animal Feeding Operation ("CAFO"), which are located in Washington Administrative Code 173-400-040. Beef cattle CAFOs are required to develop fugitive dust control plans that are reviewed and adopted by Ecology. The purpose of the fugitive dust control plan is to reduce fugitive emissions from cattle pens and CAFO operations. The fugitive emissions are comprised of not only dust, but also manure particles containing pathogens, toxic air pollutants, and volatile organic compounds.
>
> * * *
>
> Besides the obvious affect on the Plaintiffs' quality of life, and their farming operations, the Defendants' operations pose a health risk.

ECF No. 1 at 6-7, ¶ 23-24. Plaintiffs specifically pled that, in June 2016, the Department of Ecology "observed [Defendant] generating excessive dust" and "issued a Notice of Correction to Defendant" and that Defendant "has failed to take adequate steps to control fugitive dust and fugitive emissions." ECF No. 1 at 6, ¶ 31, at 11, ¶ 42.

While this is not a detailed delineation of the statutes or regulations at issue, this is sufficient to put Defendant on notice as to the basis of Plaintiffs' complaint and gives rise to a plausible inference that Defendant is in fact violating the law given the Department of Ecology's alleged action and the allegation that Defendant has not curbed the alleged violations. If Plaintiffs simply alleged that Defendant violated a statute or regulation without further context, this would not be enough to put Defendant on notice. But that is not the case here.

As such, Defendant's argument regarding the failure to plead the actual statutes or regulations at issue fails at this stage.

Defendant raises the statute of limitations defense, ECF No. 20 at 6, but the allegation that Defendant has "failed to take adequate steps to control" the condition raises the inference that the alleged nuisance is ongoing and not barred by the statute of limitations. ECF No. 16 at 9, ¶ 2.

B. **Nuisance**

In Washington, a nuisance includes "whatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property[.]" RCW 7.48.010. Nuisance is more specifically defined in RCW 7.48.120:

> Nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures or endangers the comfort,

> repose, health or safety of others, offends decency, or unlawfully interferes with, obstructs or tends to obstruct, or render dangerous for passage, any lake or navigable river, bay, stream, canal or basin, or any public park, square, street or highway; or in any way renders other persons insecure in life, or in the use of property.

As the courts in Washington have explained:

> Despite this expansive definition, generally, an activity is a nuisance only when it "interferes unreasonably with other persons' use and enjoyment of their property." *Tiegs v. Watts*, 135 Wash. 2d 1, 13, (1998) (citing *Jones v. Rumford*, 64 Wash. 2d 559 (1964)). In contrast, "[a] nuisance per se is an act, thing, omission, or use of property which of itself is a nuisance, and hence is not permissible or excusable under any circumstances," regardless of the reasonableness of the defendant's conduct. *Id.* (lead opinion by Smith, J., writing for four justices) (citing *Hardin v. Olympic Portland Cement Co.*, 89 Wash. 320 (1916)).

*Moore v. Steve's Outboard Serv.*, 182 Wash. 2d 151, 155 (2014) (internal citations altered; brackets in original).

Notably, "[a]lthough a rather wide range of landowner activity could conceivably be declared illegal and thus considered nuisances as a matter of law because forbidden by law, in fact only a few distinct categories of such conduct have emerged from the cases." *Moore v. Steve's Outboard Serv.*, 182 Wash. 2d 151, 156 (2014) (quoting *Tiegs v. Boise Cascade Corp.*, 83 Wash. App. 411, 418 (1996) (quoting 8 Thompson on Real Property § 67.03(a)(1), at 94-95 (Thomas ed. 1994))). The dividing line is whether the violation, "by its very nature, 'is an act, thing, omission, or use of property which of itself is a nuisance, and hence is not permissible or excusable under any circumstance'" or whether the alleged violation

is merely "incidental to the gravamen of the[] complaint". *Id.* at 156-157 (quoting *Tiegs v. Watts*, 135 Wash.2d at 13). For example, merely failing to obtain a permit to operate a business may not establish a nuisance per se claim where the "plaintiffs have not shown that the failure to obtain a permit is a nuisance at all times and under all conditions" such that the complained of conduct is merely "incidental to the gravamen of their complaint—that the business created objectionable noise, fumes, and traffic." *Id.*

As with the negligence claim, Defendant contends that Plaintiffs' nuisance per se claim must be dismissed because Plaintiffs do not identify the particular statute or regulation to which Defendant is not in compliance. ECF No. 16 at 10. For the reasons discussed above, the Court finds Plaintiffs have sufficiently pled their nuisance per se claim.

Defendant takes another stab at Plaintiffs' nuisance claim in a footnote, contending:

> Plaintiffs make no allegation (nor could they) that Simplot's business is unlawful in and of itself. Further, they do not allege that any of Simplot's alleged conduct falls within the "distinct categories" of actions that can constitute nuisance per se. Thus, even if Plaintiffs did identify a statute or regulation that Simplot allegedly violated, this claim would still fail as a matter of law.

ECF No. 16 at 11, n.3.

First, there is no requirement that Defendant's business be unlawful in and of itself. *See Tiegs v. Boise Cascade*, 83 Wash. App. 411, 419 (nuisance stemmed from seepage of wastewater byproduct of lawful business); *Tiegs v. Watts*, 135 Wash. 2d at 13 ("A person who conducts business or a plant lawfully and in the best manner practicable with a sound operation may still commit a nuisance if the operation interferes unreasonably with other persons' use and enjoyment of their property."); *Moitke v. City of Spokane*, 101 Wash. 2d 307, 329 (1984) (city's discharge of raw sewage into the Spokane River was prohibited unless authorized by a permit), *abrogated on other grounds by Blue Sky Advocates v. State*, 107 Wash. 2d 112, 120 (1986).

As to Defendant's "distinct categories" argument, the Court finds Defendant's footnote argument is markedly lacking to establish Defendant is entitled to dismissal. In any event, the complained of violation—excessive fugitive dust and emissions—is not merely "incidental to the gravamen of their complaint, but "by its very nature, 'is an act, thing, omission, or use of property which of itself is a nuisance, and hence is not permissible or excusable under any circumstance.'" *Moore*, 182 Wash. 2d at 156-157 (citations omitted).

C. **Trespass**

Defendant contends that "Plaintiffs cannot state a cognizable claim for trespass because they attempt to base their claim on allegations of transitory,

fugitive, and intangible interferences with their property rights." ECF No. 16 at 12.

In Washington, to establish a claim for trespass in this context, the "plaintiff must show 1) an invasion affecting an interest in the exclusive possession of his property; 2) an intentional doing of the act which results in the invasion; 3) reasonable foreseeability that the act done could result in an invasion of plaintiff's possessory interest; and 4) substantial damages to the res." *Bradley v. Am. Smelting & Ref. Co.*, 104 Wash. 2d 677, 690-91 (1985) (quoting *Borland v. Sanders Lead Co.*, 369 So.2d 523, 529 (Ala. 1979)). The Court in *Bradley* clarified that "[w]hen airborne particles are transitory or quickly dissipate, they do not interfere with a property owner's possessory rights and, therefore, are properly denominated as nuisances" but "[w]hen, however, the particles or substance accumulates on the land and does not pass away, then a trespass has occurred." *Id.* at 691.

Defendant argues the alleged invasions here are "transitory or quickly dissipate" and cannot be considered trespasses. ECF No. 20 at 10. In Plaintiffs' Response, Plaintiffs seemingly gloss over the first element—that the invasion affect an interest in the exclusive possession of property. *See* ECF No. 19 at 17-19. Plaintiffs simply identify alleged "regular and routine release of flies, dust, excess noise and foul and obnoxious odors which have invaded" Plaintiffs'

property. ECF No. 19 at 18. However, in Plaintiffs' Complaint, Plaintiffs allege damages due to "lost value in field crops due to excessive dust content", which suggests the dust is accumulating on the land and not merely transitory. According, Plaintiffs' trespass claim survives Defendant's Motion to Dismiss.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant Simplot Feeders, LLC's Motion to Dismiss (ECF No. 16) is **GRANTED IN PART AND DENIED IN PART**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** October 29, 2019.

THOMAS O. RICE
Chief United States District Judge