IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDY BUCHANAN and DONNA BUCHANAN, individuals, <br><br> Plaintiffs, <br><br> SIMPLOT FEEDERS LLC, and Idaho limited liability company; and TYSON FRESH MEATS, INC., a Delaware corporation; and IBP, INC., a Delaware corporation, <br><br> Defendants. | Case No. 4:19-cv-5209-TOR <br><br> **FIRST AMENDED PROTECTIVE ORDER REGARDING INSURANCE AND CONTRACTUAL INFORMATION** |

THIS MATTER came on for hearing upon the parties' Stipulated Motion for First Amended Protective Order Regarding Insurance and Contractual Information ("First Amended Protective Order"). Based on the Court's review of the records and pleadings herein, the Court GRANTS the stipulated motion and enters the following First Amended Protective Order.

FIRST AMENDED PROTECTIVE ORDER: 1

1. <u>Purposes and Limitations</u>.

This First Amended Protective Order confers protections only on insurance information and contractual information and does not confer blanket protections on all disclosures or responses to discovery.

2. <u>Designation of Confidential Information</u>.

The parties, may designate any document, testimony or tangible thing produced in this action that contains insurance or contractual information as "Confidential Information" if such document, testimony or tangible thing is, contains or reveals (a) trade secrets; (b) sensitive business or financial information; or (c) other sensitive, private or confidential information that is entitled to protection from improper use or disclosure to the general public. This designation shall be made at the time of production of documents and pursuant to paragraph 5 for deposition testimony. Each page of any document or testimony designated as Confidential Information shall be stamped "CONFIDENTIAL."

In the event that a party or third-party discovery respondent produces documents containing Confidential Information of another party without appropriately designating such documents, then the party whose Confidential Information is at issue may designate the documents as Confirmation Information by informing all parties in writing. All parties thereafter shall stamp each page of such documents "CONFIDENTIAL."

3. <u>Access to Confidential Information</u>.

Confidential Information so designated, and information derived therefrom, shall not be disclosed to or used by anyone except the following persons, and shall be disclosed to such persons only if and to the extent that they have a need to know such information for the purposes of this litigation and shall be used by such persons solely for the purposes of this litigation:

FIRST AMENDED PROTECTIVE ORDER: 2

a. The parties and their officers, directors, employees and representatives who have need for such information for purposes of this litigation;

b. Outside counsel for the parties and their employees necessarily involved in the conduct of this litigation;

c. Experts and consultants retained by any of the parties who have a need for such information to assist in this litigation;

d. During deposition or trial, to any deposition or trial witness where necessary to the testimony of such witness;

e. Court reporters retained to transcribe deposition testimony in this litigation;

f. The Court and court personnel; and

g. Any other person with the prior written consent of the designating party or by court order.

4. <u>Notice of Order; Consent to be Bound</u>.

Prior to receiving, being shown or using Confidential Information, persons identified in Paragraph 3 above, other than Paragraph 3(e), shall be shown a copy of this First Amended Protective Order, and shall agree in writing or verbally on the record during deposition or trial to be bound by its terms. No party may disclose materials designated by another party as Confidential Information to consultants or expert witnesses without first obtaining the written agreement of such consultant or expert witness to abide by this First Amended Protective Order.

5. <u>Use of Confidential Information at Depositions</u>.

Confidential Information may be used in depositions to examine witnesses, provided that the witness has complied with the provisions of Paragraphs 3 and 4 above. Any examination about Confidential Information shall be taken only in the

FIRST AMENDED PROTECTIVE ORDER: 3

presence of persons entitled to access such Confidential Information under this First Amended Protective Order.

6. <u>Designation of Deposition Testimony as Confidential Information</u>.

If a party believes that deposition testimony qualifies in whole or in part as Confidential Information, the party shall so designate at the time of the deposition. Transcripts of depositions containing Confidential Information, either in testimony or exhibits, shall be treated as confidential and shall be so marked on each page of the transcript.

7. <u>Challenge to Designations</u>.

Any party may challenge the designation of Confidential Information by notifying all parties in writing of its objection no later than 10 days after the close of discovery. The designating party shall have 20 days after receipt of the notice of objection to consider the objection and re-designate the information. If the information has not been re-designated, the objecting party may move the Court to strike the confidentiality designation. Any Confidential Information in dispute as a result of a timely motion filed as described above shall be treated as Confidential Information under this First Amended Protective Order pending resolution of the motion. All parties shall make their best efforts to resolve disagreements as to confidentiality on an informal basis before submitting them to the Court.

8. <u>Filing Under Seal</u>.

All documents filed with the Court that contain Confidential Information shall be filed under seal.

9. <u>Use by Producing Party</u>.

Designation of documents as Confidential pursuant to this First Amended Protective Order and Stipulation does not in any way restrict the designating party's use of such documents.

FIRST AMENDED PROTECTIVE ORDER: 4

10. <u>Return of Documents</u>.

Upon completion of this litigation, including any appeals therefrom, all Confidential Information (including copies, extracts, summaries, or documents that reflect any Confidential Information) shall be returned to counsel for the producing party. Any party may, at its option, destroy such materials and certify their destruction to counsel for the producing party.

11. <u>Amendment</u>.

This First Amended Protective Order may be amended only by a written agreement signed by all the parties hereto and "so ordered" by the Court.

12. <u>Terms of Agreement</u>.

This First Amended Protective Order shall maintain in full force and effect after the termination of this litigation, and the Court shall maintain jurisdiction over this action for purposes of enforcing the provisions of this First Amended Protective Order.

IT IS SO ORDERED.

DATED: December 3, 2020.



_____
THE HONORABLE THOMAS O. RICE
UNITED STATES DISTRICT JUDGE

FIRST AMENDED PROTECTIVE ORDER: 5