1
2
3
4
5              UNITED STATES DISTRICT COURT
6              EASTERN DISTRICT OF WASHINGTON

7  RANDY BUCHANAN and DONNA
   BUCHANAN, individuals,                    NO. 4:19-CV-5209-TOR
8
                      Plaintiffs,            ORDER GRANTING DEFENDANT'S
9                                            MOTION FOR SUMMARY
        v.                                   JUDGMENT
10
   SIMPLOT FEEDERS, LLC, an Idaho
11 limited liability company; and
   TYSON FRESH MEATS, INC., a
12 Delaware corporation,

13                     Defendants.

14      BEFORE THE COURT are Defendant Tyson Fresh Meat, Inc.'s ("Tyson")

15 Motion for Partial Summary Judgment (ECF No. 82), Motion to Exclude

16 Plaintiffs' Expert Dr. Heather R. Jordan (ECF No. 90), and Motion to Exclude

17 Plaintiffs' Expert Dr. Jeffrey K. Tomberlin (ECF No. 92).  These matters were

18 submitted for consideration without oral argument.  The Court has reviewed the

19 record and files herein and is fully informed.  For the reasons discussed below,

20 Tyson's Motion for Partial Summary Judgment (ECF No. 82) is **granted**, Motion

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

to Exclude Plaintiffs' Expert Dr. Heather R. Jordan (ECF No. 90) is **denied as**

**moot**, and Motion to Exclude Plaintiffs' Expert Dr. Jeffrey K. Tomberlin (ECF

No. 92) is **denied as moot**.

### BACKGROUND

This case concerns a concentrated animal farm's alleged effect on

neighboring land.  Plaintiffs' Complaint raises the following causes of action: (1)

common law and per se negligence, (2) common law and per se nuisance, (3) and

trespass.  ECF No. 1 at 14–16, ¶¶ 56–66.  On September 19, 2022, Tyson filed the

present Motion for Partial Summary Judgment.  ECF No. 82.  Plaintiffs' response

was due on October 10, 2022.  LCivR 7(c)(2)(B).  Plaintiffs did not file a response,

timely or otherwise.  As a result, the Court considers the following facts

undisputed.  Fed. R. Civ. P. 56(e)(2).

Since 1961, the Buchanans have owned and resided on over 300 acres of

land in Washington, where they also operate a commercial farm.  ECF No. 83 at 2,

¶ 1.  The Buchanans' utilize tractors, trucks, helicopters, drones, propane cannons,

shotguns, wind machines, and combines in connection with their commercial farm,

all of which create noise.  *Id.* at 10, ¶¶ 35–36.  The Buchanans' property also hosts

decaying organic material, where flies can breed.  *Id.*, ¶ 37.  The Buchanans'

property is bordered by U.S. Route 12 to the west and by a Union Pacific railroad

to the east, both of which produce noise.  *Id.* at 4, 11 ¶¶ 11–12, 41–42.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

1    Tyson owns and operates a beef processing and packing facility located one

2  mile away from the Buchanans' residence, which has been in operation for over 50

3  years. *Id.* at 2–3, ¶¶ 2, 6. Tyson's facility is on land zoned for Industrial

4  Agricultural Mixed and is within the Attalia Industrial Urban Growth Area

5  bordering the Buchanans' property to the south and east. *Id.* at 3–4, ¶¶ 7, 8, 10.

6    From August 14, 2016 to present, Tyson obtained and complied with all

7  permits relating to noise and flies for its operations. *Id.* at 5, ¶¶ 15–16. In this

8  time, there have been no enforcement actions against Tyson relating to noise or

9  flies nor any regulatory findings related to excessive, unreasonable, or

10  objectionable noise or flies. *Id.*, ¶ 17.

11    Tyson has implemented industry best practices to minimize any noise

12  arounds its operations. *Id.* at 6, ¶ 18. First, to minimize noise emissions, Tyson's

13  facility houses noise-generating equipment indoors. *Id.*, ¶ 19. Second, Tyson

14  maintains a regular maintenance schedule for all operating equipment to confirm

15  facility equipment was continuously functioning properly and not generating

16  excess noise. *Id.* Third, Tyson regularly monitors noise levels in compliance with

17  OSHA and other applicable noise-related regulatory requirements. *Id.* Fourth,

18  while all noise has been kept to a reasonable minimum, any noise is within Walla

19  Walla County's applicable sound level limits. *Id.*, ¶¶ 20–21.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

Tyson has also implemented industry best practices to minimize flies around its operations. *Id.* at 6–7, ¶¶ 22, 26. First, as part of its integrated pest management program, Tyson contracts with a company who services about 68 fly traps per week at the facility. *Id.*, ¶ 23. Second, Tyson ensures animal holding pens are cleaned each day and any waste material is removed at least three times a week. *Id.* at 7, ¶ 24. Third, Tyson complies with USDA requirements and inspections relating to pests, including flies. *Id.*, ¶ 25.

Tyson's beef processing and packing facility supplies millions of pounds of meat each week to people throughout the West Coast, Alaska, and Canada. *Id.* at 8, ¶ 27. Tyson is the second largest employer in Walla Walla County, employing between 1,350 and 1,515 people with an average annual payroll exceeding $50 million and paying $490,000 in annual property taxes and millions of additional dollars in sales taxes and utility payments each year. *Id.*, ¶¶ 28–29. Other businesses in Walla Walla County depend on Tyson's facility. *Id.*, ¶ 30. In the last three years, Tyson has donated over $800,000 pounds of meat to food banks throughout the State of Washington, provided over $100,000 in corporate grants, sponsored several scholarships for students, and supported and participated in numerous community services events. *Id.*, ¶ 31.

As to the noise, there are other industrial and commercial operations in the area, such as other commercial farms, a pulp and paper mill and compost facility, a

truck washing operation, a train services operation, a wine distribution facility, a cold storage facility, and a convenience store and gas station.  *Id.* at 4–5, ¶ 14. These commercial farms and industrial businesses generate noise and/or flies.  *Id.* at 11, ¶ 42–44.  The noise from Tyson's facility is difficult to distinguish from the noise emitted from a third-party cold storage facility.  *Id.* at 12, ¶ 46.

As to the flies, the Buchanans admitted they have no evidence any fly originating on Tyson's property entered their property.  *Id.* at 12, ¶ 47.  The Buchanans' entomologist stated material on their property could serve as "mass production sites" for flies, that some level of flies is expected, and that there is "no evidence" that Tyson's facility is "the source of the flies."  *Id.* at 10, 12, ¶¶ 38, 40, 49.  Tyson's entomologist expert reported that Tyson's facility is not a source of any significant fly population on the Buchanans' property.  *Id.* at 12, ¶¶ 48.

## DISCUSSION

### I.    Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court must only consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The party moving for summary judgment bears the initial burden of showing the

1    absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

2    317, 323 (1986).  The burden then shifts to the non-moving party to identify

3    specific facts showing there is a genuine issue of material fact.  *See Anderson v.*

4    *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla

5    of evidence in support of the plaintiff's position will be insufficient; there must be

6    evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252.

7        For purposes of summary judgment, a fact is "material" if it might affect the

8    outcome of the suit under the governing law.  *Id.* at 248.  Further, a dispute is

9    "genuine" only where the evidence is such that a reasonable jury could find in

10   favor of the non-moving party.  *Id.*  The Court views the facts, and all rational

11   inferences therefrom, in the light most favorable to the non-moving party.  *Scott v.*

12   *Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted

13   "against a party who fails to make a showing sufficient to establish the existence of

14   an element essential to that party's case, and on which that party will bear the

15   burden of proof at trial."  *Celotex*, 477 U.S. at 322.

16   **II.    Negligence Claims**

17       Tyson moves for summary on Plaintiffs' negligence claims.  ECF No. 82 at

18   11.  The Court previously dismissed Plaintiffs' negligence per se claim.  ECF No.

19   21 at 5.  Therefore, the Court will address the remaining negligence claim.

20

1    To establish a negligence claim, a plaintiff must demonstrate a duty, breach

2    of that duty, causation, and damages. *Hurley v. Port Blakely Tree Farms L.P.*, 182

3    Wash. App. 753, 773 (2014). While duty is a question of law, breach and

4    causation are generally questions of fact. *Walter Farm. Grain Growers, Inc. v.*

5    *Foremost Pump & Well Servs., LLC*, 21 Wash. App. 2d 451, 459 (2022).

6    "Duty is the duty to exercise ordinary care, or, alternatively phrased, the

7    duty to exercise such care as a reasonable person would exercise under the same or

8    similar circumstances." *Mathis v. Ammons*, 84 Wash. App. 411, 416 (1996).

9    "Breach is the failure to exercise ordinary care, or, alternatively phrased, the failure

10   to exercise such care as a reasonable person would exercise under the same or

11   similar circumstances." *Id.*

12   Plaintiffs failed to identify any evidence establishing duty or the applicable

13   standard of care, let alone breach, causation, or damages. ECF Nos. 1, 82 at 12.

14   The Court previously recognized that while the Complaint did not provide "a

15   detailed delineation of the statutes or regulations at issue", Plaintiff sufficiently

16   pled the standard of care may be set by the Department of Ecology, WAC 173-

17   400-040 which sets maximum emissions standards. ECF No. 21 at 6 (citing ECF

18   No. 1 at 6, ¶ 23). However, there are no facts here regarding Tyson's emissions

19   before the Court. Moreover, Plaintiffs have identified no law or industry standards

20   that sets a standard of care regarding excessive flies or noise.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

To the contrary, Tyson asserts it has obtained and complied with all permits relating to the production of noise and flies. *Id.* at 5, ¶¶ 15–16. Tyson implemented industry best practices to minimize any noise arounds its operations. *Id.* at 6, ¶ 18. Tyson's noise-generating equipment is indoors, Tyson maintains a regular maintenance schedule ensuring there is no excess noise, Tyson regularly monitors noise levels in compliance with OSHA and other regulatory requirements, and any noise is within Walla Walla County's applicable sound limits. *Id.*, ¶¶ 19–21. Tyson also implemented industry best practices to minimize flies around its operations. *Id.* at 6–7, ¶¶ 22, 26. Tyson has a pest management program that services approximately 68 fly traps per week, Tyson cleans animal holding pens each week and removes waste material at least three times a week, and Tyson complies with USDA requirements and inspection relating to pests, including flies. *Id.* at 6, ¶¶ 23–25.

There are also no facts establishing causation for either noise or flies. The noise from Tyson's facility, if any, is difficult to distinguish from the noise emitted from a third-party cold storage facility. *Id.* at 12, ¶ 46. The Buchanans also admitted they have no evidence any fly originating on Tyson's property entered their property. *Id.* at 12, ¶ 47. Indeed, the Buchanans' own entomologist stated that there is "no evidence" that Tyson's facility is "the source of the flies." *Id.*, ¶ 49.

1   There is no evidence Tyson breached any standard of care and no evidence

2   that Tyson's conduct caused damage under these undisputed facts.  Therefore,

3   summary judgment on Plaintiffs' negligence claims asserted against Tyson is

4   appropriate.

5   **III.    Nuisance Claims**

6   Tyson moves for summary judgment on Plaintiffs' nuisance claims.  ECF

7   No. 82 at 18.

8   In Washington, nuisance includes "whatever is injurious to health or

9   indecent or offensive to the senses, or an obstruction to the free use of property, so

10  as to essentially interfere with the comfortable enjoyment of the life and property."

11  RCW 7.48.010.  More specifically, nuisance is "unlawfully doing an act, or

12  omitting to perform a duty, which act or omission either annoys, injures, or

13  endangers the comfort, repose health or safety of others, offends decency, or

14  unlawfully interferes with, obstructs or tends to obstruct, … or in any way renders

15  other persons insecure in life, or in the use of property."  RCW 7.48.120.

16  Interference with a person's property occurs where an act or omission "causes a

17  reasonable fear of using property."  *Lakey v. Puget Sound Energy, Inc.*, 176 Wash.

18  2d 909, 923 (2013).  In turn, reasonableness is considered in light of the social

19  utility of the activity, including "the character of the neighborhood where the

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9

activity occurs and the degree of community dependence on the particular

activity." *Id.* at 923–24 (internal citations and quotation marks omitted).

Additionally, a plaintiff can establish a nuisance per se claim by showing a

violation of law or by showing "an act, thing, omission, or use of property which

of itself is a nuisance, and hence is not permissible or excusable under any

circumstance." *Moore v. Steve's Outboard Serv.*, 182 Wash. 2d 151, 155 (2014)

(internal citations omitted).

Plaintiffs failed to identify any violation of law as the basis for the nuisance

claims.  Moreover, there are no facts to suggest Tyson's operations unreasonably

interfere with Plaintiffs' use and enjoyment of their property or that any incidental

noise or flies are not permissible under any circumstance.  As stated *supra*, it is

undisputed Tyson follows all regulations concerning noise and pests.  Even if

Plaintiffs are affected by noise or flies, Tyson asserts the conditions already exist

due to Plaintiffs' own commercial activities and/or surrounding traffic and

commercial enterprises.  *See* ECF No. 1 at 10–12, ¶¶ 35–37, 42–45.  In any event,

Tyson asserts that any interference is reasonable where Tyson's facility is an

integral part of the community and neighborhood which is zoned for Tyson's

operations.  *See id.* at 8, ¶¶ 27–31.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

Tyson's activities do not unreasonably interfere with Plaintiffs' use and enjoyment of their property under these undisputed facts.  Therefore, summary judgment on Plaintiffs' nuisance claims asserted against Tyson is appropriate.

**IV.  Trespass**

Tyson moves for summary judgment on Plaintiffs' trespass claim.  ECF No. 82 at 23.

In Washington, to establish a claim for trespass in this context, the "plaintiff must show 1) an invasion affecting an interest in the exclusive possession of his property; 2) an intentional doing of the act which results in the invasion; 3) reasonable foreseeability that the act done could result in an invasion of plaintiff's possessory interest; and 4) substantial damages to the res." *Bradley v. Am. Smelting & Ref. Co.*, 104 Wash. 2d 677, 690-91 (1985) (internal citation omitted). *Bradley* clarified that transitory invasions are "are properly denominated as nuisances." *Id.* at 691.

Plaintiffs failed to assert any facts demonstrating an invasion of noise or flies attributable to Tyson nor any facts demonstrating substantial damage to the property.  In any event, the nature of the claimed invasions is properly characterized as nuisance rather than trespass. *Wallace v. Lewis Cnty.*, 134 Wash. App. 1, 16 (2006), *as corrected* (Aug. 15, 2006) (rodents); *Mock v. Potlatch Corp.*,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

786 F. Supp. 1545, 1550 (D. Idaho 1992) (noise). Therefore, summary judgment on Plaintiffs' trespass claims asserted against Tyson is appropriate.

**ACCORDINGLY, IT IS SO ORDERED.**

1. Defendant Tyson Fresh Meat, Inc.'s Motion for Partial Summary Judgment (ECF No. 82) is **GRANTED**.

2. All claims against Defendant Tyson Fresh Meat, Inc. are **DISMISSED with prejudice**.

3. Defendant Tyson Fresh Meat, Inc.'s Motion to Exclude Plaintiffs' Expert Dr. Heather R. Jordan (ECF No. 90) is **DENIED as moot**.

4. Defendant Tyson Fresh Meat, Inc.'s Motion to Exclude Plaintiffs' Expert Dr. Jeffrey K. Tomberlin (ECF No. 92) is **DENIED as moot**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED November 9, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12