UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDY BUCHANAN and DONNA BUCHANAN, individuals,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>SIMPLOT FEEDERS, LLC, an Idaho limited liability company; and TYSON FRESH MEATS, INC., a Delaware corporation,<br><br>　　　　　　　　Defendants. | NO. 4:19-CV-5209-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Defendant Simplot Feeder LLC's Motion for Summary Judgment (ECF No. 141) and Defendant Tyson Fresh Meat, Inc.'s Motion for Summary Judgment (ECF No. 167). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant Simplot Feeder LLC's Motion for Summary Judgment (ECF No. 141) is **granted** and

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 1

Defendant Tyson Fresh Meat, Inc.'s Motion for Summary Judgment (ECF No. 167) is **granted**.

## BACKGROUND

This case concerns a concentrated animal farm's alleged effect on neighboring land. Plaintiffs' Complaint raises the following causes of action: (1) common law and per se negligence, (2) common law and per se nuisance, (3) and trespass. ECF No. 1 at 14–16, ¶¶ 56–66. On November 9, 2022, the Court granted Defendant Tyson's Motion for Partial Summary Judgment after Plaintiff filed no response, and dismissed claims relating to noise and flies against Tyson. *See* ECF Nos. 138, 157. Defendants' present motions move for summary judgment on the remaining claims. ECF Nos. 141, 167. The motions are fully briefed, with Simplot joining in Tyson's motion. *See* ECF Nos. 141–89. Except where noted, the following facts are not in dispute.

Since 1961, the Buchanans have owned and resided on over 300 acres of land in Washington, where they also operate a commercial farm. ECF Nos. 142 at 2, ¶ 1; 168 at 2, ¶ 1. The Buchanans' commercial farm emits odors, dust, and flies from activities that include tractors and trucks on dirt roads, diesel heaters, shotguns and gunpowder, diesel-fueled wind machines, fertilizers, herbicides and pesticides, decomposing fruit and vegetable waste, fly trap bags, and activities associated with harvesting crops. ECF Nos. 142 at 6–7, ¶¶ 25–30; 168 at 10–11,

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 2

¶¶ 35–39.  The Buchanans admit that some level of odor and dust on their property is reasonable.  ECF No. 168 at 11, ¶ 40.

Defendants own and operate a beef processing and packing facility and feedlot located approximately one mile away from the Buchanans' residence, which has been in operation for over 50 years.[1]  ECF Nos. 142 at 2–3, ¶¶ 5–6; 168 at 2–3, ¶¶ 2, 6.  Defendants' facility is on land zoned for Industrial Agricultural Mixed and is within the Attalia Industrial Urban Growth Area bordering the Buchanans' property to the south and east.  ECF Nos. 142 at 2, ¶¶ 3–4; 168 at 3–4, ¶¶ 7–8, 10.  Plaintiffs acknowledge there are other businesses within a few miles of Plaintiffs' property, but assert Simplot is the only business that constitutes a feedlot in excess of 50,000.  ECF No. 159 at 2.

From August 14, 2016 to present, Defendants obtained and complied with all permits relating to the operations at issue.  ECF Nos. 142 at 5, ¶¶ 14–17; 168 at 5, ¶¶ 15–16.  In this time, with the exception of one notice related to dust against Simplot, there have been no related enforcement actions against Defendants nor

---

[1]    Simplot owns and operates the feedlot whereas Tyson owns and operates the beef processing and packing facility.  Although the Court frequently references Defendants together, the Court separates the individual claims below.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT ~ 3

1  any regulatory findings related to excessive, unreasonable, or objectionable odors,
2  dust, noise, or flies. ECF Nos. 142 at 6, ¶¶, 21, 23; 168 at 6, ¶ 17.
3       Defendants implemented industry best practices to minimize odors, dust, and
4  flies around its operations. ECF Nos. 142 at 5, ¶¶ 15–19; 168 at 6, ¶ 18. Tyson
5  takes steps to minimize odors from the wastewater treatment system, brine ponds,
6  rendering processes, including discharging only wastewater with high-dilution/low
7  concentration levels to the anaerobic treatment ponds, contracting with a third
8  party to treat ponds to neutralize odors, and utilizing packed bed and venturi
9  scrubbers. *See* ECF No. 168 at 6–7, ¶¶ 19–21. Plaintiffs dispute two practices
10 based on the opinion of Dr. Heber: the only two grease caps are present on seven
11 anaerobic treatment ponds and scrubbers "are not 100% efficient in removing
12 odorous gases." ECF No. 181 at 2–3, ¶¶ 5–6.
13      Defendants also implemented industry best practices to minimize dust. ECF
14 Nos. 142 at 5, ¶ 18; 168 at 7, ¶ 23. For example, Tyson takes steps to minimize
15 dust from the animal holding pens and other outdoor surfaces, including cleaning
16 on a daily basis, covering outdoors areas in pavement, crushed asphalt, or gravel,
17 and applying dust suppressants on dry ground. ECF No. 168 at 7–8, ¶¶ 24–25.
18 Plaintiffs assert Defendants have "large dirt holding pens" and there is no "mention
19 of cleaning these surfaces as they accumulate manure from truck tires." ECF No.
20 181 at 4, ¶¶ 8–9.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT ~ 4

Tyson's beef processing and packing facility supplies millions of pounds of meat each week to people throughout the West Coast, Alaska, and Canada. ECF No. 168 at 8, ¶ 27. Tyson is the second largest employer in Walla Walla County, employing between 1,350 and 1,515 people with an average annual payroll exceeding $50 million and paying $490,000 in annual property taxes and millions of additional dollars in sales taxes and utility payments each year. *Id.*, ¶¶ 28–29. Other businesses in Walla Walla County depend on Defendants' facility. *Id.*, ¶ 30. In the last three years, Tyson donated over 800,000 pounds of meat to food banks throughout the State of Washington, provided over $100,000 in corporate grants, sponsored several scholarships for students, and supported and participated in numerous community services events. *Id.*, ¶ 31. Similarly, Simplot plays an important role in the local economy and contributes significantly as an employer and taxpayer in Walla Walla County. *See* ECF No. 142 at 4–5, ¶¶ 11–14.

In addition to the Buchanan's own farm, there are other industrial and commercial operations in the area that generate dust, flies, and odors, such as vehicles on U.S. Route 12, trains on the Union Pacific Railroad, other commercial farms, a pulp and paper mill and compost facility, a truck washing operation, a train services operation, a wine distribution facility, a cold storage facility, and a convenience store and gas station. ECF Nos. 142 at 8, ¶¶ 31–34; 168 at 5, ¶ 14, 11–12, ¶¶ 41–44.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 5

# DISCUSSION

## I.  Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted

"against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## II.  Evidentiary Objections

Plaintiffs oppose summary judgment with declarations from expert Dr. Albert Heber and Plaintiff Randy Buchanan. Defendants object to the information provided in these declarations, which the Court addresses below.

### A.  Albert J. Heber, Ph.D., P.E.

Tyson objects to Dr. Heber's testimony in support of Plaintiffs' opposition to summary judgment. ECF No. 186 at 2. Tyson asserts Dr. Heber's declarations are inadmissible, and the Court is therefore precluded from considering any assertions of disputed facts made therein. ECF Nos. 186 at 2, 187 at 2.

The Court previously excluded Dr. Heber's October 2022 expert report. ECF Nos. 97–98. The June 20, 2022 report is the complete statement of Dr. Heber's opinions. Fed. R. Civ. P. 26(a)(2)(B). As a result, the Court excludes all opinions not contained in the June 20, 2022 report in considering Tyson's Motion for Summary Judgment. Fed. R. Civ. P. 37(c)(1).

### B.  Randy Buchanan

Simplot objects to Plaintiff Randy Buchanan's testimony in support of Plaintiffs' opposition to summary judgment. ECF Nos. 176 at 4–7.

Mr. Buchanan's declaration, which references no exhibits, sets forth vague, conclusory, and speculative observations and opinions. *See* ECF No. 158. "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), *as amended* (Apr. 11, 1997). As a result, the declaration fails to create any genuine issue of material fact as to any of Plaintiffs' claims.

**III.   Negligence**

Defendants move for summary on Plaintiffs' remaining negligence claims. ECF Nos. 141, 167.

To establish a negligence claim, a plaintiff must demonstrate a duty, breach of that duty, causation, and damages. *Hurley v. Port Blakely Tree Farms L.P.*, 182 Wash. App. 753, 773 (2014). While duty is a question of law, breach and causation are generally questions of fact. *Walter Fam. Grain Growers, Inc. v. Foremost Pump & Well Servs., LLC*, 21 Wash. App. 2d 451, 459 (2022).

*A.   Duty*

"Duty is the duty to exercise ordinary care, or, alternatively phrased, the duty to exercise such care as a reasonable person would exercise under the same or similar circumstances." *Mathis v. Ammons*, 84 Wash. App. 411, 416 (1996).

Plaintiffs concede Defendants did not violate any statutory duty, but maintain Defendants breached the duty of ordinary care to keep noxious odors, flies, and dust off of their property. ECF Nos. 159 at 6, 182 at 3. As to Simplot, Plaintiffs merely assert "a trier of fact could very reasonably find that both Simplot and Tyson failed to exercise ordinary care to keep their noxious odors away from the Buchanan property. That same trier of fact could decide that Simplot failed to take reasonable measures to assure that flies would not engulf the Buchanan property." ECF No. 159 at 6. As to Tyson, Plaintiffs assert Dr. Heber opines it had a duty "to prevent obnoxious odors from descending on their property" and a duty to install "a nonpermeable lagoon cover." ECF No. 182 at 3.

Plaintiffs create no genuine material issue of fact regarding whether Defendants failed to exercise care as a reasonable beef processing and packing facility would under the same or similar circumstances. *Mathis*, 84 Wash. App. at 416. Mr. Buchanan's declaration provides mere speculation that fails to establish the standard of care against Simplot. *See* ECF No. 158. The Court excludes Dr. Heber's newly proffered opinion purporting to establish a standard of care. ECF Nos. 179–80. In any event, Plaintiffs further fail to establish the remaining elements of a prima facie negligence case.

//

//

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 9

### B. Breach

"Breach is the failure to exercise ordinary care, or, alternatively phrased, the failure to exercise such care as a reasonable person would exercise under the same or similar circumstances." *Id.*

As to Simplot, Plaintiffs assert a "jury could easily decide that both Simplot and Tyson acted negligently based on Randy Buchanan's Declaration". ECF No. 159 at 6. This declaration provides no more than speculation and a scintilla of evidence in Plaintiffs' favor. *Anderson*, 477 U.S. at 252. As to Tyson, Plaintiffs assert Dr. Heber opines Tyson could have installed nonpermeable lagoon covers, the grease caps are "not as effective" as a nonpermeable cover, and Tyson's scrubbers are "not 100% efficient in removing odorous gases." ECF No. 182 at 4–5. However, Dr. Heber's supplemental opinion is excluded, and it is undisputed Dr. Heber is not an expert in industry standards or best practices for operations in the beef processing industry. ECF No. 168 at 13, ¶ 50.

Even if considered, Plaintiffs cite no authority or evidence that Defendants were obligated to wholly eliminate all materials from their property. Given the absence of admissible evidence demonstrating breach of any duty, Plaintiffs' negligence claims fail.

//

//

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 10

### C. Causation

Proximate cause consists of cause in fact and legal causation. *City of Seattle v. Blume*, 134 Wash. 2d 243, 251 (1997). A plaintiff establishes cause in fact where the alleged injury would not have occurred but for the defendant's actions and legal causation is established in determining whether liability should attach as a matter of law. *Id.* at 252; *Hertog, ex rel. S.A.H. v. City of Seattle*, 138 Wash. 2d 265, 282–83 (1999). While causation is generally a question of fact, if reasonable minds cannot differ, causation may be determined as a matter of law. *Hertog*, 138 Wash. 2d at 275.

As to Simplot, Plaintiffs assert "the trier of fact can readily determine that 'but for' the actions of Simplot and Tyson, the Buchanans would not have sustained the problems with their breathing and enjoyment of the property." ECF No. 159 at 6. While Simplot submitted evidence that it complied with all laws, regulations, industry standards, and best practices, Plaintiffs assert "there is an open question as to whether Simplot was truly compliant" and "Plaintiffs suspect that under careful cross-examination, Defendant's witnesses will be unable to show the trier of fact that there have been no lapses in compliance." ECF No. 159 at 7. These self-serving and speculative opinions are insufficient to create a genuine issue of material fact regarding causation.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 11

1   As to Tyson, Plaintiffs rely on Dr. Heber's opinion and suggest it is Tyson's burden to establish that odors and dust came from other properties. ECF No. 182 at 5–6. First, it is not Tyson's burden to establish the lack of causation. *Hurley*, 182 Wash. App. at 479. Second, Dr. Heber's new opinions regarding causation as to odors and dust are inadmissible, and the June 20, 2022 report does not create a genuine issue of material fact as to causation. In contrast, Defendants submit considerable evidence that dust, odors, and flies are produced from not only Plaintiffs' own property, but other commercial farms and industrial businesses in the industrial-zoned area surrounding Plaintiffs' property. *See* ECF Nos. 142 at 6–8, ¶¶ 25–33; 168 at 5, ¶ 14, 11–12, ¶¶ 43–44. Therefore, Plaintiffs fail to create a genuine issue of material fact as to causation against both Defendants.

*D. Damages*

To recover emotional distress damages, a plaintiff "must demonstrate the manifestation of physical symptoms or the actual or physical invasion of their person or security." *Trail v. Civ. Eng'r Corps., U.S. Navy, Naval Facilities Eng'g Command*, 849 F. Supp. 766, 768 (W.D. Wash. 1994) (citations omitted).

As to damages against Simplot, Plaintiffs will testify to injury to themselves, their workers, and their animals from dust and flies. ECF No. 159 at 7. As to damages against Tyson, Plaintiffs assert they are entitled to recover emotional

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 12

distress damages.[2]  ECF No. 182 at 6.  Plaintiffs "are both able to testify that their exposure to the dust and odors … is very distressing." *Id.*

Plaintiffs' vague statements as to injury are insufficient to create a genuine issue of material fact as to damages.  At the very least, Plaintiffs fail to demonstrate the breach and causation.  Therefore, summary judgment on Plaintiffs' remaining negligence claims against Defendants is appropriate.

**IV.    Duplicative Claims**

Defendants move for summary judgment on Plaintiffs' nuisance and trespass claims to the extent they are duplicative of the negligence claims.  ECF No. 167 at 19, 23.

"[A] single claim for relief, on one set of facts, is not converted into multiple claims, by the assertion of various legal theories." *Pepper v. J.J. Welcome Const. Co.*, 73 Wash. App. 523, 546 (1994), *overruled on other grounds by Phillips v. King County*, 87 Wash. App. 468 (1997).  Thus, the rules of negligence apply to claims of trespass and nuisance resulting from negligent conduct. *Atherton Condo. Apartment-Owners Ass'n Bd. of Directors v. Blume Dev. Co.*, 115 Wash. 2d 506,

---

[2]   Plaintiffs agree they are not pursuing economic damages against Tyson. ECF No. 168 at 19, ¶¶ 76–77.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 13

527–28 (1990); *Hurley v. Port Blakely Tree Farms L.P.*, 182 Wash. App. 753, 772 (2014).

To the extent the nuisance and trespass claims are premised on the allegedly negligent conduct, the claims are dismissed as duplicative of the negligence claims. *See* ECF No. 1 at 15–16, ¶¶ 61–66. The Court addresses the remaining claims of intentional trespass and intentional or reckless nuisance, if any.

**V.    Nuisance**

Defendants move for summary judgment on Plaintiffs' remaining nuisance claims. ECF Nos. 141, 167.

In Washington, nuisance includes "whatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property." RCW 7.48.010. In other words, "nuisance is a substantial and unreasonable interference with the use and enjoyment of another person's property." *Kitsap Cnty. v. Kitsap Rifle & Revolver Club*, 184 Wash. App. 252, 276 (2014), *amended on denial of reconsideration* (Feb. 10, 2015). Interference occurs where an act or omission "causes a reasonable fear of using property." *Lakey v. Puget Sound Energy, Inc.*, 176 Wash. 2d 909, 923 (2013). In turn, reasonableness is considered in light of the social utility of the activity, including "the character of the neighborhood where the activity occurs and the degree of community dependence

on the particular activity." *Id.* at 923–24 (internal citations and quotation marks omitted).

As to Simplot, Plaintiffs assert their testimony will demonstrate that the "frequency of the dust" and "the plethora of biting flies" on their property from Defendants was extremely unreasonable. ECF No. 159 at 8–9. Mr. Buchanan's speculative and conclusory testimony does not create a genuine issue of material fact that Simplot caused a substantial and unreasonable interference with Plaintiffs' property caused by Simplot. *See* ECF No. 158. Plaintiffs also fail to dispute the reasonableness of Simplot's activities, including the social utility and community dependence on their operations, as well as the industrial nature of the area. *See* ECF No. 142 at 3–4, ¶¶ 7–8, 11–14. Therefore, summary judgment on the nuisance claims against Simplot is appropriate.

As to Tyson, Plaintiffs concede Defendants did not violate any statute, regulation, or permit, eliminating a nuisance per se claim. ECF No. 182 at 2, 7. Plaintiffs nonetheless assert "[n]o reasonable person would suggest that being constantly exposed to obnoxious odors does not unreasonably interfere with the use and enjoyment of one's property." *Id.* at 8. However, Plaintiffs have insufficient admissible evidence to demonstrate that obnoxious odors, caused by Tyson, unreasonably interfered with the use and enjoyment of Plaintiffs' property. Plaintiffs also do not dispute the reasonableness of Tyson's activities that generate

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 15

1  dust and/or odor in light of the social utility and community dependence on their

2  activities, as well as the industrial nature of the area.  ECF No. 168 at 3–4, ¶¶ 7–8,

3  10, at 8–9, ¶¶ 27–31.  Therefore, summary judgment on the remaining nuisance

4  claims against Tyson is appropriate.

5      With no genuine issue of material fact for a jury, summary judgment on

6  Plaintiffs' remaining nuisance claims against Defendants is appropriate.

7      **VI.   Trespass**

8      Defendants move for summary judgment on Plaintiffs' remaining trespass

9  claims.  ECF Nos. 141, 167.

10      In Washington, to establish a claim for trespass in this context, the "plaintiff

11  must show 1) an invasion affecting an interest in the exclusive possession of his

12  property; 2) an intentional doing of the act which results in the invasion; 3)

13  reasonable foreseeability that the act done could result in an invasion of plaintiff's

14  possessory interest; and 4) substantial damages to the res."  *Bradley v. Am.*

15  *Smelting & Ref. Co.*, 104 Wash. 2d 677, 690-91 (1985) (internal citation omitted).

16  *Bradley* clarified that transitory invasions are "are properly denominated as

17  nuisances."  *Id.* at 691.

18      Even if the substances in question are not transitory, Plaintiffs failed to

19  submit sufficient admissible evidence demonstrating an invasion of dust, odors,

20  noise, or flies by Defendants that caused substantial damage to their property, for

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT ~ 16

the same reasons discussed *supra*. Therefore, summary judgment on Plaintiffs' remaining trespass claims against Defendants is appropriate.

**ACCORDINGLY, IT IS SO ORDERED.**

1. Defendant Simplot Feeder LLC's Motion for Summary Judgment (ECF No. 141) is **GRANTED**.

2. Defendant Tyson Fresh Meat, Inc.'s Motion for Summary Judgment (ECF No. 167) is **GRANTED**.

3. Plaintiffs' claims against Defendants are **DISMISSED with prejudice**.

4. All other pending motions are **DENIED as moot**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED January 6, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 17